# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

**2019 AUG 12  PM 4: 49**

SOUTHERN DISTRICT
OF INDIANA
~~~~ A. A. BR~~~
~~~~~~

Civil Action No.        2:19-cv-00379-JRS-DLP

(To be supplied by the court)

JONAH GARZA _____, Plaintiff

v.

MR. WATSON, Complex Warden _____,
MR. UNDERWOOD, ASSOCIATE WARden _____,
CAPTAIN, Timothy TAYLOR _____,
Lt. Parker, _____,
Mr. Robinson, Correctional Officer, _____,
MR. D.M. BARnet, Correctional officer _____,
Lt. Gore, S.I.S. _____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## "VERIFIED" PRISONER COMPLAINT  28 USC 1331

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Jonah Garza # 53254-177 USP/Terre Haute, P.O. Box 33

(Name, prisoner identification number, and complete mailing address)

Terre Haute, Indiana 47808

(J.P.),

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

_____   Pretrial detainee

_____   Civilly committed detainee

_____   Immigration detainee

_____   Convicted and sentenced state prisoner

__X__   Convicted and sentenced federal prisoner

_____   Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Mr. Watson, Complex Warden USP/Terre Haute, 4700 Bureau

(Name, job title, and complete mailing address)

Road South, Terre Haute Indiana. 47802

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __✓__ Yes ___ No *(check one)*. Briefly explain:

As Complex Warden of Federal Facility.

Defendant 1 is being sued in his/her __X__ individual and/or __X__ official capacity.

2

Defendant 2: Mr. Underwood, Associate Warden, USP Terre Haute, 4700
(Name, job title, and complete mailing address)
Bureau Road South, Terre Haute, Indiana, 47802

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

As Associate Warden of Federal Facility

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: Captain, Timothy Taylor, USP/Terre Haute, 4700 Bureau
(Name, job title, and complete mailing address)
Road South, Terre Haute, Indiana, 47802

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

As Complex Captain of a Federal Facility.

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

✳ CONTINUED AT PAGE 3A ✳

## C.  JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____ 42 U.S.C. § 1983 (state, county, and municipal defendants)

_X_ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_X_ Other: (*please identify*) Federal Tort Claims Act.

3

B. DEFENDANTS INFORMATION Continued From PAGE (3):

DEFENDANT (4): Lt. Parker, USP/Terre Haute, 4700 Bureau Road South, Terre Haute Indiana, 47802, . And At All Times WAS Acting under Federal LAW AS "Lt. OF SPECIAL Housing Unit at a Feder FACILITY, LAWSuit is brought AGAINST Lt. Parker in His Individual and OFFICIAL CAPacity.

DEFENDANT (5): MR. Robinson, USP/Terre Haute, 4700 Bureau Road South, Terre Haute Indiana 47802 And At All times WAS Acting Under Federal law As, "Correctional officer at a Federal Facility, This Action is Brought Against MR. Robinson in His Individual And OFFICIAL CAPacity,

DEFENDANT (6): MR. D.M. BArnet, USP/Terre Haute, 4700 Bureau Road South, Terre Haute Indiana, 47802, And At All Times WAS Acting under Federal Law As Correctional officer at a Federal Facility. This Action is Brought AGainst MR. Barnet in His Individual and official CAPacity,

DEFENDANT: Lt. GORE, USP/Terre Haute, 4700 Bureau Road South, Terre Haute Indiana, 47802, And WAS Acting under Federal LAW At All times AS Lt./SIS at A Federal FACility, Law suit is brought AGainst MR. GORE in His OFFICIAL And Individual CAPacity          "

" NO FURTHER DEFENDANTS

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>FAILURE TO PROTECT/DELIBERATE INDIFFERENCE/CRUEL AND Unusual Punishment/Failure To Train/Eighth Amendment Violations</u>:

Supporting facts:                              "POINT A"

(1). Plaintiff Declares That All STATEMENTS AND OR Allegation Made Herein Are Based Upon His Personal Knowledge, And Declares Them To be True Under Penalty Of Perjury Pursuant To 28 USC 1746 by Plaintiffs Signature And date <u>Infra</u> at <u>Page (10) Of This VERIFIED Complaint</u>:

(2). The United STATES Constitutional EIGHTH Amendment imposes On Defendants (WATSON); (Underwood); (TAYLOR); (Parker); (Robinson); (Barnet) and (Gore); To Provide "Reasonable SAFety for Prisoners SEE: <u>FARMER V. Brennan</u>, 511 U.S. 825, 844, 114 S.ct. 1970 (1994); <u>Helling V. McKinney</u>, 509 U.S. 25, 33, 113 S.ct. 2475 (1993)(Quoting <u>DeShaney V. Winnebago County of SOCIAL SERVICES</u>, 489 U.S. 189, 200, 109 S.ct. 998 (1989) to include Protecting From Other INMATES <u>Farmer</u> at 831-33.

(3). Herein All NAMED Defendants (WATSON); (Underwood); (TAYLOR); (Parker); (Robinson); (Barnet) and (Gore) Acted With deliberate And Reckless Disregard For Safety by Failing to Act reasonably to Danger When They Knew That Myself And Inmate <u>JAMES TAYLOR #15380-028</u> Were enemy INMATES And That He Had Made Threats Of Physical Harm To Me, And on Monday July 8th 2019 at USP/Terre Haute Indiana Special Housing Unit Disregard Policy And Placed Us in The No. (5) Recreation Pen So They Could See Us FIGHT et cetera And Combat ensued And I Had MY NECK Broken And Now Have 2-Pins in MY NECK and No Feeling on one Side of MY Body... Placing Me in The recreation Pen With More Than (4) People Violated Policy And Procedures And All STAFF Knew I had Problems With Inmate TAYLOR And I told All Staff for at least Two Weeks OF this Prior To July 8th 2019 Several Times And even told Mr. Barnet and Robinson On Way to Rec. Pens... <u>Note</u> I Could not Refuse As All inmates Were Placed in The EXERCISE Pens for RANGE B/Lower Shake Down. This Was Intentional as STAFF Stated We don't Give a FUCK Get in the Pen.. Wherefore it WAS Deliberate Indifference To MY SAFety And Resulted in Serious INJURY To MY Person.

4                    <u>* Continued at Page 4A *</u>

D. STATEMENT OF Claim Supporting Facts Continued From PAGE 4:

(4) The Acts of the Defendants Putting in Rec Pen With Known enemy inmates amounted to intentional disregard for safety When they Knew there WAS a serious And substantial Risk of serious Physical injury to my Person, SEE: Berry V. City of Muskogee, 900 F.2d. 1489, 1496 (10th Cir. 1990) (Risk thats likely to result in Constitutional Violation); Frett V. Government of the Virgin Islands, 839 F.2d. 968, 978 (3d. Cir. 1988) (Risk of such a Nature and degree that To Disregard Was a gross deviation from substantial Care Correction Officials should have exercised in the Situation); Morgan V. District of Columbia, 824 F.2d. 1049, 1058 (D.c. Cir. 1987) (Obvious unreasonable risk of Violent Physical Harm); And Pressly V. Hutto, 816 F.2d. 977, 979 (4th Cir. 1987) (Real and imminent risk of Harm).

The defendants acts herein are not only Deliberate Intentional Disregards But "Gross" Deliberate Indifference to Plaintiff Safety... The Defendants Gross and intentional acts herein failed to satisfy their legal obligations...

"POINT B"

(4) Plaintiff Herein HAS SUPA 1-Through-3 Demonstrated both "objective component" and "Subjective Component" of Eight Amendment U.S. Constitution SEE: Farmer V. Brennan, 511 U.S. 825 of 834, 114 S.Ct. 1970 (1994) And Wilson V. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991).

(5). The Plaintiff is now serious injuried and Still HAVE Him in Disciplinary segregation Cell and will Not even Put in HANdy Capped Cell With rails And are Denying Plaintiff Medical Care ordered by Specialist at —

Continued At PAGE 4B

D. STATEMENT of Claims Continued From Page 4B :

Union Hospital.. This Constitutes Eight Amendment Violation SEE; Estelle V. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). (failure to Carry out Doctors Orders Once Prescribed). Plaintiff herein States that The Defendant's are refusing to Provide Plaintiff with Prescribed Medication of Specialist at Union Hospital.. Stating Prisoners Just want to get High You'll have to deal with your Pain... SEE; Board V. Farnham, 349 F.3d. 469, 484, (7ᵀᴴ Cir. 2005); Gil V. Reed, 381 F.3d. 649, 661 (7ᵀᴴ Cir. 2004); Ralston V. McGovern, 167 F.3d. 1160, 1161-62 (7ᵀᴴ Cir. 1999) Johnson V. Hay, 931 F.2d. 456, 461-62 (8ᵀᴴ Cir. 1991); Ellis V. Butler, 890 F.2d. 1001, 1003-04 (8ᵀᴴ Cir. 1989). The Defendants Acts herein are Causing More Injury To Plaintiff and Causing Him To be Subjected to Unnecessary Pain in Violation of The Eighth Amendment.

## Point G

(6)  Plaintiff States that Supervisors/Defendants (Watson); (Underwood); (Taylor); (Parker); failed To Adequately Train Lower Staff in Safety of Inmates and As A result Plaintiff recieved a Very Serious Injury (Broken Neck) This Constitutes Deliberate Indifference to inmate Safety and Violates Cruel and Unusual Punishment Clause of The Eighth Amendment.

END OF Claim.

**E.   PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ___ Yes  X̲ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                    N/A

Docket number and court:                    N/A

Claims raised:                              N/A

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   N/A

Reasons for dismissal, if dismissed:        N/A

Result on appeal, if appealed:              N/A

**F.   ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

        X̲ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

        ___ Yes X̲ No (*check one*)

**✱✱** STAFF Refused To ISSUE Me All STePS oF Administrative Remedy Forms on All issues Raised Herein MAKing Administrative Remedy UNAvailable And Exhausted. Pursuant To 28 USC 1915.

5

**G.     REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

(1).  Plaintiff Demands Jury Trial on all issues Raised by This instant Verified Complaint.

(2)  Find all Named Defendants (WATSON); (underwood)); (TAYLOR); (LL. Parker); (Robinson)); (BArnett); (And Gore)); Were Deliberately indifferent To Plaintiffs SAFETY resulting in Serious Physical Injury Awarding Plaintiff $1,000,000.°° Compensatory Damages From EAch Defendant seperate from each other Award Plaintiff $2,000,000.°° From each Defendant as Punitive Damages From EAch Defendant To show This TYPE — —
                        ＊ Continued at Page 6A ＊

**H.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

X _____
   (Plaintiff's signature)

4th Day of Aug 2019
(Date)

(Form Revised December 2017)

6

G. <u>Relief Continued From Page 6:</u>

— of Conduct will not be Tolerated by Federal Prison Officials.

(3) Find The Defendants failure To Carry out medical orders of Specialist from Union Hospital in Terre Haute Indiana Constitutes Cruel and Unusual Punishment and inflicts unneccessary Pain on The Plaintiff in Violation of the Eighth Amendment Awarding Plaintiff $5.000.000.00 From Defendants Jointly and $10.000.000.00 Punitive Damages to show This Conduct will not be Tolerated.

(4) Order The Defendants And Bureau of Prisons Shall Pay All Future Medical Costs of Treatment related to Neck injury Substained on Monday July 8th 2019 Once Plaintiff is released.

(5) Award Plaintiff All Costs of Instant Action to include reasonable Attorney fees.

<u>Injunctive Relief</u>

(6) Order Defendants to immediately Provide All medical Treatment Ordered by Specialist at Union Hospital and to immediately Transfer Plaintiff to A Medical Facility Where he Can recieve Proper Treatment

(7) Order Defendants To immediately establish New Policy And Procedures that will ensure Safety and This dont happen in future. That will ensure enemy inmates dont have Access to each other And To assure Staff are better Trained.

(8). Whatever Else This Court deems neccessary And Will Serve Justice.

<u>END of Relief</u>

Page 6A