UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JONAH GARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00379-JRS-DLP |
| | ) |
| WATSON, | ) |
| UNDERWOOD, | ) |
| TIMOTHY TAYLOR, | ) |
| PARKER, | ) |
| ROBINSON, | ) |
| D. M. BARNET, | ) |
| GORE, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Defendants' Motion for Summary Judgment
on Affirmative Defense of Exhaustion**

Plaintiff Jonah Garza ("Garza"), a federal prisoner, filed this lawsuit on August 12, 2019. Mr. Garza alleges that defendants Complex Warden Thomas Watson, Associate Warden Michael Underwood, Captain Timothy Taylor, Lt. J. Parker, Officer Robert Robertson, Officer Drew Barnett, and Lt. Christopher Gore deliberately disregarded his safety by placing him in the same recreation yard as an inmate who had threatened him. As a result of this placement, a fight occurred and Mr. Garza was seriously injured. Mr. Garza further contends that he was denied medical care following the fight, all in violation of his Eighth Amendment rights. Dkt. 10.

Defendants now seek resolution of the claims alleged against them in their individual capacities[1] through summary judgment. Defendants argue that they are entitled to judgment as a matter of law because Mr. Garza failed to exhaust his available administrative remedies as required

---

[1] Claims against the defendants in their official capacities have been dismissed. Dkt. 37.

1

by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons explained below, Defendants' motion for summary judgment, dkt [24], is **granted.**

## I. Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws

all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Undisputed Facts

Applying the standard set forth above, the following facts are undisputed.

### A. Jonah Garza

Mr. Garza is a federal inmate who has been in the custody of the Bureau of Prisons (BOP) since August 2, 2016. Dkt. 24-1 (Declaration of K. Tyus) at ¶ 4. From December 11, 2018, through October 7, 2019, Mr. Garza was confined at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute). *Id.* Mr. Garza is currently housed at the United States Penitentiary in Tucson, Arizona (USP Tucson), where he has been incarcerated since October 11, 2019. Dkt. 24-1 at ¶ 3.

### B. BOP's Administrative Remedy System

The BOP has an administrative remedy system. *See* 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Program (effective January 6, 2014). This administrative remedy system was in effect at USP Terre Haute during the entire time Mr. Garza was housed there. Dkt. 24-1 at ¶ 6.

Inmates can access BOP Program Statement 1330.18 at their respective prison's law library. Additionally, administrative remedy filing procedures are outlined and explained to the inmates each time they arrive at a federal prison as part of the Admission and Orientation process. *Id.* Inmates are likewise instructed where to find BOP Policy, USP Terre Haute Institution Supplements, and how to access the inmate Electronic Law Library. *Id.* Finally, inmates are informed that if they have an issue or question for staff, they can ask in person or submit an Inmate Request to Staff by hard copy or electronically to a staff resource mailbox. *Id.*

Administrative remedy requests submitted by inmates are logged and tracked in the SENTRY computer database, which is an electronic record keeping system utilized by the BOP. *Id.* at ¶ 7. Administrative remedy requests filed at the institution level are referred to as BP-9s. *Id.* at ¶ 9. Regional Office filings are referred to as BP-10s. *Id.* Central Office filings are referred to as BP-11s. Rejected submissions are not considered "filed" and copies are not required to be maintained by the agency unless the submission was deemed "sensitive." *Id.*

### C. Garza's Administrative Remedies

A full report of Mr. Garza's administrative remedy requests was run in SENTRY on December 20, 2019. *Id.* at ¶ 11. As of that date, Mr. Garza had submitted a total of four administrative remedies, all of which were submitted before his incarceration at USP Terre Haute. Dkt. 24-1 at ¶ 12.

### D. Garza's Complaint

On August 12, 2019, Mr. Garza filed his Complaint in this action, alleging that Defendants were deliberately indifferent to his safety, in violation of the Eighth Amendment, by placing him in the same recreation yard as inmate James Taylor on July 8, 2019. Dkt. 1 at 5. Mr. Garza also alleges that, after the fight, Defendants refused to provide him with medical care. *Id.* at 7.

Mr. Garza admits in his Complaint that there was a formal grievance procedure at USP Terre Haute (which is where he was confined when he filed his Complaint) and that he did not exhaust his administrative remedies. *Id.* at 8. Mr. Garza signed his Complaint on August 4, 2019, and it was mailed on August 6, 2019. Dkt. 1 at 9; Dkt. 1-1.

In his response in opposition to summary judgment, Mr. Garza affirmed under the penalties of perjury that he obtained the proper administrative remedy forms and that he gave the properly completed forms to the unit team staff. Mr. Garza testified that after no response to his BP-9 was

4

received, he deemed the local remedy denied and completed the Regional Appeal or BP-10 and placed it in the legal mailbox in his housing unit. With no response from the BP-10, Mr. Garza sought the Central Office Appeal BP-11, but staff claimed no forms were available. Dkt. 32 at 15-16.

### III. Discussion

Defendants argue that because Mr. Garza failed to exhaust his administrative remedies as required prior to filing this action, his claims must be dismissed. *See Pozo*, 286 F.3d at 1024-25; *see also Roberts v. Neal*, 745 F.3d 232, 234-35 (7th Cir. 2014). In response, Mr. Garza testified that he followed each step of the administrative remedy procedure and, when he did not receive a response at each level, he deemed his remedy denied and proceeded to the next level. Dkt. 32 at 13-16. For the reasons explained below, however, Mr. Garza's testimony reflects that he could not have exhausted all steps of the administrative process prior to filing this lawsuit.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject

5

to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan*, 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

It is Defendants' burden to establish that the administrative process was available to Mr. Garza. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted).

The undisputed evidence reflects that there was an administrative process available to Mr. Garza but that he failed to exhaust his administrative remedies regarding his allegations against Defendants before he filed the present lawsuit. *See Ross,* 136 S. Ct. at 1858 ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted). Unfortunately for Mr. Garza, he cannot complete the grievance process *after* filing his lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). Thus, any grievances that were exhausted after this lawsuit was filed are irrelevant. *Id*. ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.") (internal citations omitted).

The undisputed record reflects that the BOP's administrative remedy system was in effect at USP Terre Haute during the entire time that Mr. Garza was housed there. The BOP did not accept any administrative remedies from Mr. Garza during his incarceration at USP Terre Haute. Indeed, Mr. Garza admits in his Complaint that he did not exhaust his administrative remedies but contends that administrative remedies were unavailable to him as "staff refused to issue [him] all steps of administrative remedy forms on all issues raised herein." Dkt. 1 at 8. In Mr. Garza's response in opposition to summary judgment, he testified that the form he was refused was the BP-11.

However, given the mere 29 days that lapsed between Mr. Garza's fight with inmate Taylor on July 8, 2019, and the mailing of his complaint on August 6, 2019, and the time permitted for responses in the BOP regulations, it is impossible for Mr. Garza to have completed his available administrative remedies (that is at least the BP-9 and BP-10), before filing this civil action, as required for exhaustion of administrative remedies.

The fight between Mr. Garza and inmate Taylor occurred on July 8, 2019. Under the BOP's administrative remedy program, Mr. Garza had 20 calendar days—until July 28, 2019—to complete the informal resolution process and submit a BP-9 to the Warden. See 28 C.F.R. § 542.14(a). The informal resolution process requires the inmate to first present an issue of concern informally to staff, at which point staff attempts to informally resolve the issue before an inmate submits an administrative remedy request. 28 C.F.R. § 542.13. Once a BP-9 is submitted, the Warden then has 20 calendar days to respond. 28 C.F.R. § 542.18. BOP regulations provide that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Even if Mr. Garza completed the informal resolution process and submitted his BP-9 on July 9, 2019, the Warden would have had until July 29, 2019, to respond to Mr. Garza's BP-9. Pursuant to policy, Mr. Garza was required to wait the full 20 days (plus any extension) before he could deem the absence of response from the Warden a denial at that level and proceed to the next. 28 C.F.R. § 542.18. Assuming Mr. Garza then completed and mailed his BP-10 to the Regional Director at the earliest possible opportunity—July 30, 2019—the Regional Director would have had 30 days—until August 29, 2019—to respond. 28 C.F.R. §§ 542.15, 542.18. Again, Mr. Garza would have had to wait the full 30 days—until August 30, 2019—to deem the absence of a response a denial and proceed to a Central Office appeal, at which point he contends staff told him no BP-11 forms were available.

In other words, there were no barriers to Mr. Garza's access to the administrative remedy process until August 30, 2019, at the earliest. But Mr. Garza did not file this civil action after he hit a roadblock, instead, he filed it on August 6, 2019. Under these circumstances, Mr. Garza filed his complaint too early. The later denial of a BP-11 form is not relevant because this necessarily occurred after the complaint in this action was filed.

Under these circumstances, Defendants have met their burden to show that the administrative remedy process was available to Mr. Garza during the relevant time frame. Mr. Garza simply filed this action before he completed the available administrative remedy process. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Pozo*, 286 F.3d at 1025.

### IV. Conclusion

Defendants have shown that Mr. Garza did not exhaust his available administrative remedies prior to filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C.

§ 1997e(a), is that this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford*, 362 F.3d at 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment, dkt. [24], is **granted.** Judgment consistent with this Entry and the Entry of July 29, 2020, shall now issue. Given the dismissal of this action, the plaintiff's motion for a court order requiring that the envelopes sent to him to be labeled in a particular manner, dkt [35], is summarily **denied.**

IT IS SO ORDERED.

Date: 8/18/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JONAH GARZA
53254-177
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov